[No. 15736.  Department Two.—May 29, 1895.]

## LEILA PERRY, RESPONDENT, v. JUAN MALARIN, APPELLANT.

NEGLIGENCE—DERAILING OF STREET-CAR BY FRIGHTENED HORSES—RE-
BUTTAL OF PRESUMPTION.—Where the plaintiff was injured by jumping
from a street-car which had been derailed from the track by frightened
horses, any presumption of negligence from the fact of the accident is
sufficiently rebutted by testimony introduced by the defendant showing
that there was a perfect track, car, and harness in good repair, gentle
horses, and a skillful driver, alert and at his post; and that, while the car
was proceeding upon the track, an express-wagon was driven rapidly in
front of the team and suddenly stopped, and a man with a bundle
jumped suddenly in front of the horses and toward them, thereby start-
ling them and causing them for the moment to become unmanageable,
and to derail the car from the track.

ID. — UNFORESEEN STARTLING OF HORSES — DISPROOF OF NEGLIGENCE. —
Where the event which startled the horses could not have been fore-
seen, and all was done which could have been done by the utmost skill
and care to prevent accident after the horses were startled, negligence
is disproved.

ID.—EVIDENCE—PREVIOUS RUNAWAY OF HORSE.—The bare statement of a
witness that one of the car horses had once run away, without showing
when or under what circumstances, or that the defendant knew or ought
to have known it, does not tend to show negligence.

ID.—UNUSUAL SPEED OF HORSES.—The mere fact that the horses were
going at an unusual speed, where it does not appear that they were
going at a dangerous gait, does not tend to prove negligence.

APPEAL from a judgment of the Superior Court of
Monterey County and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*S. F. Geil,* and *John J. Wyatt,* for Appellant.

Plaintiff was guilty of contributory negligence in
jumping from the car, without which the injury would
not have happened. (Shearman and Redfield on Negli-
gence, sec. 25, and cases there cited; *Robinson* v. *West-
ern Pac. R. R. Co.,* 48 Cal. 409, 421; *Needham* v. *San
Francisco etc. R. R. Co.,* 37 Cal. 419; *Gay* v. *Winter,* 34 Cal.
153; *Lawrence* v. *Green,* 70 Cal. 418, 422; *Lewis* v. *River-
side Water Co.,* 76 Cal. 249; *Stokes* v. *Saltonstall,* 13 Pet.

181, 193; *Buel* v. *New York Cent. R. R. Co.*, 31 N. Y. 314; 88 Am. Dec. 271; *Coleman* v. *Second Ave. R. R. Co.*, 114 N. Y. 609; *Woolery* v. *Louisville etc. Ry. Co.*, 107 Ind. 381; 57 Am. Rep. 114; *Jeffersonville R. R. Co.* v. *Swift*, 26 Ind. 459, 476; *Pennsylvania R. R. Co.* v. *Aspell*, 23 Pa. St. 147; 62 Am. Dec. 323; *South Covington etc. Ry. Co.* v. *Ware*, 84 Ky. 267; *Reary* v. *Louisville etc. Ry. Co.*, 40 La. Ann. 32; 8 Am. St. Rep. 497; *Chicago etc. Ry. Co.* v. *Felton*, 125 Ill. 458; *Gulf etc. Ry. Co.* v. *Wallen*, 65 Tex. 568.) The fact of injury does not raise a presumption of negligence. (Booth on Street Railways, sec. 361; *Buck* v. *Manhattan Ry. Co.*, 10 N. Y. Supp. 107; *Hawkins* v. *Front St. Cable Ry. Co.*, 3 Wash. 592; 28 Am. St. Rep. 72; Shearman and Redfield on Negligence, sec. 5; *Curtis* v. *Rochester etc. R. R. Co.*, 18 N. Y. 534; 75 Am. Dec. 258; *Mitchell* v. *Southern Pac. R. R. Co.*, 87 Cal. 72.) Defendant is not liable for a misfortune arising from the fright of horses without defendant's fault. (Wharton on Negligence, sec. 114; *Brown* v. *Collins*, 53 N. H. 442; 16 Am. Rep. 372; *Aston* v. *Heaven*, 2 Esp. 533; *Wakeman* v. *Robinson*, 1 Bing. 213; Booth on Street Railways, sec. 328; Shearman and Redfield on Negligence, sec. 265; *Feital* v. *Middlesex R. R. Co.*, 109 Mass. 398; 12 Am. Rep. 720; *Frink* v. *Potter*, 17 Ill. 406; *McPadden* v. *New York Cent. R. R. Co.*, 44 N. Y. 478; 4 Am. Rep. 705; *Schneider* v. *Second Ave. Ry. Co.*, 133 N. Y. 583; Wharton on Negligence, sec. 626; *Unger* v. *Forty-second St. etc. R. R. Co.*, 51 N. Y. 501.)

*W. A. Kearney*, and *C. F. Lacey*, for Respondent.

The proof by a passenger of the derailment or over-turning of the vehicle in which he is being carried, and resulting injury, establishes a *prima facie* case of negligence. (*Breen* v. *New York Cent. etc. R. R. Co.*, 109 N. Y. 297; 4 Am. St. Rep. 450; *Fairchild* v. *California Stage Co.*, 13 Cal. 605; *Boyce* v. *California Stage Co.*, 25 Cal. 460, 468, 469; *Lawrence* v. *Green*, 70 Cal. 417, 419, 421; 59 Am. Rep. 428; *Treadwell* v. *Whittier*, 80 Cal. 574, 582, 583, 587; 13 Am. St. Rep. 175; *Mitchell* v. *Southern*

*Pac. R. R. Co.*, 87 Cal. 72; *Bush* v. *Barnett*, 96 Cal. 204; Thompson on Carriers, 210, 211; Deering on Negligence, sec. 101; Shearman and Redfield on Negligence, sec. 516, pp. 349, 350; Booth on Street Railways, sec. 361.) The fact that the horses were going at a high rate of speed at the time of derailment may become an element of negligence. (*Salter* v. *Utica etc. R. R. Co.*, 88 N. Y. 42, 50, 51; Shearman and Redfield on Negligence, sec. 460.) The carrier must show that the accident could not have been prevented by the exercise of the highest possible degree of care. (*Baltimore etc. R. R. Co.* v. *Worthington*, 21 Md. 275, 282, 283; 83 Am. Dec· 578; *Eureka Springs Ry. Co.* v. *Timmons*, 51 Ark. 460; *Stokes* v. *Saltonstall, supra; Peoria etc. R. R. Co.* v· *Reynolds*, 88 Ill. 418–20.) It is for the jury to determine whether the presumption of negligence arising from the derailment has been rebutted. (*Sullivan* v. *Philadelphia etc. R. R. Co.*, 30 Pa. St. 234, 239, 240; 72 Am. Dec. 698; *Eureka Springs Ry. Co.* v. *Timmons, supra; Seybolt* v. *New York etc. R. R. Co.*, 95 N. Y. 562–69; 47 Am. Rep. 75; *Brehm* v. *Great Western Ry. Co.*, 34 Barb. 256–71; Thompson on New Trials, sec. 1692.) There was no negligence on the part of plaintiff. (*Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143; *Mitchell* v. *Southern Pac. R. R. Co., supra.*) Where the facts are disputed the question of negligence is for the jury alone. (*Fernandes* v. *Sacramento City Ry. Co.*, 52 Cal. 45; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164; *Orcutt* v. *Pacific Coast Ry. Co.*, 85 Cal. 291; *Davies* v. *Oceanic Steamship Co.*, 89 Cal. 280; *Whalen* v. *Arcata etc. R. R. Co.*, 92 Cal. 669; *Stephenson* v. *Southern Pac. Co., supra.*)

TEMPLE, J.—On the 18th of February, 1893, plaintiff and her sister were passengers on a street-car running from Pacific Grove, in Monterey county, to the Hotel del Monte. It was an open car drawn by two horses. Plaintiff sat upon the rear seat. As the car passed the Pacific Ocean House, on Alvarado street, the team shied and pulled the car from the track. Plaintiff's

sister—as she testified—was thrown from the car by the jolt made when it left the track. Plaintiff was not thrown out, but, after the car had been drawn about one hundred and twenty feet, jumped out, and in so doing was injured. From the track the horses moved rapidly along the street, first toward the sidewalk and then the driver was able to pull them in toward the track, when they again moved toward the sidewalk, and were finally stopped when the car was against the curb, having gone about one hundred and eighty feet after the derailment. Had plaintiff remained in the car, as she might have done, she would not have been injured, but she says she jumped out fearing that the car would strike against the curb and be overturned. The street was not paved and was perfectly level. The curb was thirteen inches high.

Defendant operated the street railroad, and plaintiff brings this action to recover damages for the injury which she alleges was caused by defendant's negligence.

Though defendant does not admit that the rule applies to this case, he accepted the proposition that the mere fact of the accident raises a presumption of negligence, and casts upon the defendant the burden of showing how and why the accident occurred, and that it was one which he could not have guarded against by the use of the utmost skill, diligence, and foresight. Appellant contends that this was done by testimony which is uncontradicted.

He proved that the track was in perfect condition, that the car was properly constructed and in good order, that the driver was experienced and careful, and that at the time of the derailment he was at his post, holding the reins in one hand and the brake in the other. The derailment was not caused by any defect in the appliances or want of attention on the part of the driver.

His witnesses also testified that the horses were gentle, well broken, and had been used on the road continuously for about two years, and had never been known to shy or become unmanageable before.

He also showed how and why the derailment occurred. That, while the car was proceeding at the usual speed, an express-wagon was driven rapidly in front of the team, and stopped, and a man with a bundle jumped suddenly in front of the horses and toward them, thereby startling them, and causing them for the moment to become unmanageable.

There was, however, testimony for plaintiff to the effect that one of the horses was what is called a California bronco, and that he had once run away; also, that the car was moving at an unusual speed when the accident occurred. Plaintiff testified: "A little before we came to the Pacific Ocean House, on Alvarado street, the horses started to go very much faster, and were going at almost a run, when all of a sudden they gave a sudden jerk, and pulled the car from the track," etc; and again: "I did not see the horses pulling the car from the time the car left the track until I jumped from the car. I think the horses were running, from the speed with which the car was going and the sudden jerk they made when they left the track."

Her sister testified: "The car ran rapidly from the time they pulled the car from the track until I saw my sister jump," etc.

"Q. Did the team go at an unusual rate of speed on that day?   A. They were simply tearing along. . . . . I have frequently rode on those cars before; the driver was driving much faster than usual from the time he entered Alvarado street."

Other witnesses, testifying for the defendant, stated that the horses were not going at an unusual speed, but were trotting along at the rate of from five to seven miles per hour.

I think it must be admitted that the testimony introduced by defendant, taken by itself, was sufficient to rebut the presumption of negligence. If it was not sufficient it is difficult to imagine any testimony which could have sufficed for that purpose. There was a perfect track, car, and harness in good repair, gentle horses,

and a skillful driver, alert and at his post, and the showing of how and why the accident occurred. And, since the event which startled the horses could not have been foreseen, it is manifest that all was done which could have been done by the utmost skill and care.

The bare statement of a witness that one horse had once run away, without showing when, or under what circumstances, or that defendant knew it, or ought to have known it, does not tend to show negligence.

The question then is, Does the mere fact that the horses were going at an unusual speed tend to prove negligence? I think not. The drive seems to be a long one, and between a village—Pacific Grove—and Monterey city. Apparently they were in the habit of driving in a trot, or from five to seven miles per hour could not be the usual speed. The horses may have been going at an unusual speed and yet not at a dangerous gait. The allusion to their running evidently had reference to the movement after they became frightened. It cannot be doubted that after that time every thing was done which could have been done.

The jury were evidently carried away by sympathy for the plaintiff, which is quite natural. But however deplorable the injury may be, defendant cannot be mulcted for it unless he has been negligent. I think he has successfully rebutted the presumption arising from the fact of the accident.

The judgment and order are reversed and a new trial ordered.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.